CC-1999-319                                            1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Pueblo de Puerto Rico<br>    Peticionario<br><br>    v.<br><br>Reynaldo Castellón Calderón<br>    Recurrido | Certiorari<br><br>2000 TSPR 72 |
| --- | --- |

Número del Caso: CC-1999-0319

Fecha: 12/05/2000

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Germán J. Brau Ramírez

Abogada de la Parte Peticionaria:

        Lcda. Marta Maldonado Maldonado
        Procuradora General Auxiliar

Abogados de la Parte Recurrida:

        Lcdo. Grimaldi Maldonado Maldonado
        Lcda. Helen M. Santos Rivera

Materia: Ley 54

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico

  Peticionario

       v.                                  CC-99-319      Certiorari

Reynaldo Castellón Calderón

  Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 12 de mayo de 2000.

Nos corresponde determinar, a tenor con el inciso (b) de la Regla 247 de Procedimiento Criminal, el alcance y la naturaleza de la vista, así como los factores que ha de tomar en cuenta un tribunal, previo al sobreseimiento de una denuncia o acusación por infracción a La Ley Para la Prevención e Intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989, 8 L.P.R.A. sec. 601 *et seq*. Por entender que en el presente caso el tribunal abusó de su discreción al ordenar el archivo de la denuncia, revocamos.

## I.

Contra Reynaldo Castellón Calderón se presentó denuncia por alegadamente haber

infringido lo dispuesto en el Artículo 3.1 de la Ley Para la Prevención e Intervención con la Violencia Doméstica (en adelante Ley # 54), 8 L.P.R.A. sec. 601 *et seq.*[1]

Señalado el caso para la celebración de la vista preliminar correspondiente, el abogado de Castellón planteó al Tribunal que la perjudicada no tenía interés en proseguir con los cargos. El juez de instancia, luego de interrogar a la perjudicada sobre su falta de interés en el caso, le requirió que firmara un formulario en el que hiciera constar por escrito su posición. Así las cosas, el Tribunal de Primera Instancia decretó el sobreseimiento de la denuncia a tenor con el inciso (b) de la Regla 247 de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap.II R. 247. Esto a pesar de que el Ministerio Público se opuso al archivo de la denuncia y le expresó al Tribunal su interés en que se celebrara la vista preliminar.

El Pueblo de Puerto Rico, representado por el Procurador General, recurrió al Tribunal de Circuito de Apelaciones, el cual confirmó la resolución dictada por el tribunal *a quo.* Inconforme con dicha determinación, nos solicita que dejemos sin efecto la determinación del tribunal apelativo. Tras haber analizado los argumentos esbozados por ambas partes, estamos en posición de resolver.

---

[1]  Dicho artículo dispone:

Toda persona que empleare fuerza física o violencia psicológica, intimidación o persecución en la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o ha cohabitado, o a la persona con quien sostuviere o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, para causarle daño físico a su persona, a los bienes apreciados por ésta, excepto aquellos que pertenecen privativamente al ofensor, o a la persona de otro o para causarle grave daño emocional, será sancionada  con pena de reclusión por un término de doce (12) meses, excepto que de mediar circunstancias atenuantes se podrá reducir a un término no menor de nueve (9) meses y de mediar circunstancias agravantes podrá aumentarse hasta dieciocho (18) meses. 8 L.P.R.A. sec. 631.

**II.**

La Regla 247 de Procedimiento Criminal, supra, establece las instancias en las que se puede sobreseer o archivar una denuncia o acusación. En particular, el inciso (b) de dicha Regla es el que reconoce la facultad del tribunal de sobreseer una denuncia o acusación *motu proprio.* La referida regla dispone en lo pertinente:

Regla 247. SOBRESEIMIENTO

> ...(b)*Por el tribunal; orden*. Cuando ello sea conveniente **para los fines de la justicia** y **previa celebración de vista en la cual participará el fiscal**, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia. Las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso. (Énfasis Nuestro).

De una lectura de la referida disposición se desprende con meridiana claridad que deben concurrir ciertos requisitos para que el tribunal pueda ejercer su discreción de archivar una denuncia o acusación, a saber: (1) la celebración de una vista en la que participe el Ministerio Público y (2) el sobreseimiento debe ser "conveniente para los fines de la justicia".

Así pues, nos corresponde, en primer lugar, determinar cuál es alcance de la vista que ha de celebrar el tribunal antes de decretar *motu propio* el archivo de una denuncia o acusación, a tenor con el inciso (b) de la Regla 247 de Procedimiento Criminal; y los factores que ha de tomar en cuenta para hacer dicha determinación.

**III.**

El inciso (b) de la Regla 247 de las Reglas de Procedimiento Criminal de Puerto Rico tiene su génesis en el Artículo 451 del Código de Enjuiciamiento Criminal de 1902, el cual disponía lo siguiente:

El tribunal, ya por su propio acuerdo o ya a petición del fiscal y en pro de la justicia, puede decretar el sobreseimiento de una causa o de una acusación. Las causas de sobreseimiento deben exponerse en el auto que al efecto se dicte, el cual se insertará en el acta del proceso.[2]

El Código de Enjuiciamiento Criminal de Puerto Rico proviene del ordenamiento penal de California. Así, la sección 1385 del Código Penal de California dispone en lo pertinente:

El juez o magistrado puede, motu proprio, o a petición del fiscal, y en pro de la justicia, ordenar el archivo o desestimiento de una acción. (Traducción Nuestra)[3]. West Annotated California Code sec. 1385.

Respecto a la precitada disposición se ha señalado reiteradamente que la discreción de un tribunal de archivar una denuncia o acusación *motu proprio* es amplia, pero de ningún modo puede ser la misma absoluta o ilimitada. *Mannes v. Gillespie*, C.A. 9 (Cal.) 1992, 967 F.2d 1310 (1992); *People v. Deltoro*, 263 Cal. Rptr. 305, 214 Cal. Ap 3d 1417 (1989); *People v. Harris*, 133 Cal. Rptr.352, 62 C.A. 3d 859 (1976); *People v. Superior Court, San Diego County*, 102 Cal. Rptr. 925, 26 C.A. 2d 668 (1972); *People v. Curtiss*, 84 Cal. Rptr. 106, 4 C.A. 3d 123 (1970).

En vista de que este Tribunal no ha tenido la oportunidad de formular los factores que los tribunales deben considerar antes de decretar un sobreseimiento bajo la Regla 247(b) de Procedimiento Criminal, resulta pertinente, a modo ilustrativo, examinar la jurisprudencia interpretativa de la precitada disposición del Código Penal de California por tener la disposición que hoy nos toca analizar su origen en el ordenamiento penal californiano.

Entre los factores que un tribunal, al ejercer su discreción de archivar un caso criminal, debe tomar en consideración se encuentran: (1) la evidencia con la que cuenta el Ministerio

---

[2] Estatutos revisados y códigos de Puerto Rico, San Juan, Boletín Mercantil Press, pág. 789.

[3] "The judge or magistrate may, either of its own motion or upon the aplication of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

Público para establecer su caso, 2) naturaleza del delito, (3) si el acusado está encarcelado o ha sido convicto en un caso relacionado o similar,                    4) tiempo que el acusado lleva encarcelado, (5) posibilidad de amenaza u hostigamiento, (6) probabilidad de que en el juicio pueda traerse nueva o evidencia adicional (7) si sirve a los mejores intereses de la sociedad proseguir con los procedimientos. *People v. Williams*, 179 Cal. Rptr. 443, 30 Cal. 3d 470 (1981); *People v. Andrade,* 150 Cal. Rptr. 662, 86 C.A. 3d 963 (1978); *People v. Ritchie,* 95 Cal. Rptr. 462, 17 C.A. 3d 1098 (1971); *People v. Fretwell*, 95 Cal. Rptr. 356, 8 C.A. 3d Supp.37. (1970); *People v. Superior Court of Marin County*, 72 Cal. Rptr. 330, 446 P.2d 138, 69 C. 2d. 491 (1968).

Además de dichos criterios, resolvemos que será preciso examinar la naturaleza de la acusación, incluyendo el tipo de actividad delictiva en cuestión, su seriedad, la frecuencia con que se archivan casos del mismo tipo y el impacto del sobreseimiento sobre la administración de la justicia y los derechos del acusado.

Aunque los factores enumerados constituyen elementos necesarios a considerarse en la determinación de un tribunal de archivar una denuncia o acusación, esto no significa que todos deben concurrir para que se justifique el archivo. El tribunal puede tomar en cuenta otros factores, para determinar si procede un sobreseimiento, que le permitan hacer el balance entre la libertad del individuo y el interés del Estado en encausar a los responsables de actos delictivos.

Finalmente, es preciso recalcar que tanto la defensa como el Ministerio Público deben tener derecho a expresarse sobre la corrección o conveniencia de decretar un sobreseimiento. Es de extrema importancia recalcar que la participación del fiscal en

esta vista es fundamental. Sobre dicho aspecto resulta pertinente hacer referencia a la Exposición de Motivos de la Ley Número 53 de 1 de julio de 1988, la cual enmendó la Regla 247 de Procedimiento Criminal para requerir la participación del fiscal cuando se decrete el sobreseimiento de una denuncia o acusación:

> Una vez se haya radicado la denuncia o acusación, el Ministerio Público debe ser notificado de toda petición de archivo por transacción o de sobreseimiento que pueda poner fin al procedimiento ya iniciado. La participación del fiscal en esta etapa de los procedimientos puede constituir una valiosa ayuda para el tribunal, antes de que pueda decretarse el archivo del proceso. De esta forma se protege debidamente a la sociedad y, por ende, el interés público. Exposición de Motivos Ley Núm. 53 de 1 de julio de 1988.

Una vez ha quedado establecida la naturaleza de la vista y los factores que un tribunal debe considerar antes de sobreseer una denuncia o acusación a tenor con la discreción que le reconoce el inciso (b) de la Regla 247 de Procedimiento Criminal, debemos atender la controversia medular en el caso de marras. Esto es, si la alegada falta de interés de la víctima de violencia doméstica constituye un factor determinante a ser considerado por el tribunal en la determinación de archivar una denuncia o acusación. La respuesta a dicho interrogante la provee un análisis de la naturaleza de nuestro ordenamiento criminal y del papel que juegan las víctimas de delito dentro del mismo. Veamos.

**IV.**

Constituye doctrina reiterada por este Tribunal que nuestro ordenamiento encomienda al Poder Ejecutivo el deber de implantar las leyes penales. *Pueblo v. Dávila Delgado*, supra, *Pueblo v. Quiñones Rivera*, 133 D.P.R. 332 (1993); *Pueblo v. González Malavé*, supra; *Pueblo v. Tribunal Superior*, supra.

Son los fiscales adscritos al Departamento de Justicia quienes tienen la función de procesar a todos los delincuentes por los crímenes y delitos que pueda conocer bajo la autoridad y en

representación del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A sec. 95, *Pueblo v. Pérez Casillas*, 126 D.P.R. 702 (1990).

En nuestra jurisdicción, y conforme a lo dispuesto por nuestro ordenamiento jurídico, la facultad y responsabilidad de investigar los hechos delictivos y la decisión de a qué persona acusar y procesar criminalmente y por qué delito, recae en la persona del Secretario del Departamento de Justicia de Puerto Rico y de los fiscales bajo su supervisión, poseyendo los mencionados funcionarios amplia discreción en el descargo de sus funciones. *Pueblo v. Dávila Delgado*, supra.

No hay duda de que en el procesamiento de personas acusadas de la supuesta comisión de un delito, las víctimas o testigos de los hechos delictivos juegan un papel extraordinariamente importante, al extremo de que nuestro ordenamiento le reconoce el derecho a ser notificados en todas las etapas significativas del proceso criminal.[4] Sin embargo, a pesar de la importancia y de los derechos que le reconoce nuestro ordenamiento, las víctimas del delito no son "parte" para efectos del proceso criminal, careciendo éstas en consecuencia, de los derechos que, de ordinario, tienen las partes en un procedimiento judicial. *Pueblo v. Dávila Delgado*, supra.

La víctima o testigo de un delito no tiene el poder de vetar la actuación o el curso de acción que el fiscal entienda procedente seguir en el caso. Id. Esto es así porque los delitos en general son ofensas cometidas contra la sociedad y no contra un individuo en particular. Aunque con la comisión de delitos se lesionan intereses particulares privados, también se afectan fundamentales postulados sociales y comunitarios. *Pueblo v. Ramírez Valentín*, 109 D.P.R. 13 (1979).

---

[4] Véase Ley Núm. 22 de 22 de abril de 1988, 25 L.P.R.A. sec. 973 y ss.

La aplicación de las leyes penales no se deja a la potestad de los particulares. Aunque la víctima de un delito perdone a su ofensor corresponde al poder público determinar si acusa y juzga al delincuente. De ahí que el derecho penal se considere como una ofensa de carácter público, ya que aunque representa un ataque directo a los derechos de los individuos, sea integridad corporal, propiedad, honestidad, etc., su efecto último es sobre los derechos del cuerpo político. Es por ello que el derecho penal se clasifica como parte del derecho público. Dora Nevares Muñiz, Derecho Penal Puertorriqueño, 4ta. Edición, 2000, pág. 7.

A la luz de lo anteriormente discutido, resolvemos que cuando el Ministerio Público manifiesta su oposición al archivo del caso, no procede decretar automáticamente el archivo o sobreseimiento de un caso, con las consecuencias que ello acarrea, por razón de que la víctima del delito ha manifestado su falta de interés en el caso. En dichos casos procede que el tribunal celebre una vista y considere los factores esbozados en la Opinión. En la vista el tribunal sí puede considerar la falta de interés en el caso, en el contexto del análisis de uno de los factores que señalamos que el tribunal debe considerar antes de sobreseer una denuncia o acusación. Esto es, al analizar si el Ministerio Público cuenta con evidencia para establecer su caso.

**V.**

Por último, nos resta considerar el segundo requisito que ha de satisfacerse para que un tribunal pueda ejercer su discreción de sobreseer una denuncia o acusación al amparo del inciso (b) de la Regla 247 de Procedimiento Criminal, esto es, que el archivo sea conveniente "para los fines de la justicia".

Respecto a este aspecto, no puede perderse de vista que en el caso particular que nos ocupa tratamos con violaciones a la Ley 54, <u>supra</u>.

En Puerto Rico existe una clara política pública contra la violencia doméstica. Dicha política pública ha quedado consagrada en la Ley 54 del 15 de agosto de 1989, 8 L.P.R.A. sec. 601 *et seq.* Nuestro ordenamiento repudia enérgicamente la violencia doméstica por ser contraria a los valores de paz, dignidad y respeto que este pueblo quiere mantener para los individuos, las familias y la comunidad en general. 8 L.P.R.A. sec. 601.

La expresión de "falta de interés en el caso" por parte de la víctima de un delito es muy común y en ocasiones constituye el resultado de amenazas, hostigamiento, temor u otros factores ajenos a los méritos del caso. No obstante, es una realidad innegable que dicha expresión es más común en los casos de violencia doméstica. Amenazas, dependencia económica, falta de albergue para estas víctimas, creencias religiosas, falta de apoyo familiar o institucional o promesas de que no se repetirá la violencia caracterizan estos casos en muchas ocasiones. Zambrana, Luis G., <u>Falta de Interés de la Víctima. ¿Fundamento Válido para Determinaciones Jurídicas en Casos de Violencia Doméstica?</u>, Revista Forum 10-13 (1994-1997), pág. 27.

Muchas de las personas que presentan cargos de violencia doméstica son objeto de presiones para que "retiren los cargos". Esta gama compleja de presiones puede provenir de parte del victimario, su abogado y parientes; de parte de los propios familiares de la víctima, de profesionales de ayuda, o de consejeros religiosos, por desconocer la dimensión del problema de violencia doméstica. Véase Rodríguez Mercedes, <u>¿Por Qué Esa Mujer Retiró los Cargos?</u>, Revista Forum, Año 6, Núm. 3, julio-septiembre de 1990, págs.24-26. Como se ha señalado:

Ideas y creencias distorsionadas sobre el contexto psicosocial donde se da la relación maltratante han contribuido a perpetuar el mito de que la razón principal o única por la cual las mujeres retiran los cargos es porque se reconcilian con su pareja después de un "periodo de enfriamiento". Las mujeres no reciben el apoyo necesario para enfrentar las consecuencias que para su vida personal, familiar y social acarrea el denunciar a su agresor, son más vulnerables a ceder ante las múltiples expresiones de arrepentimiento, afecto y promesas de cambio que con frecuencia hacen los agresores luego de incidentes agudos de violencia.

... La dependencia económica y psicológica, la desvalidez aprendida y la costumbre, unidas a aquellos valores tradicionales que oprimen a mujeres y hombres son también factores que influyen en la decisión que lleva a la mujer a regresar a la relación maltratante y consecuentemente a retirar los cargos. Por estos factores y las características particulares de la conducta maltratante es que, no en pocas ocasiones, la víctima de este delito grave se encuentra en la insólita situación de llegar al Tribunal a retirar los cargos. Id.

No es "conveniente a los fines de la justicia" en los casos de alegada violación a la Ley 54 el que un tribunal archive automáticamente la denuncia o acusación, con la oposición del Ministerio Público, cuando la víctima exprese no tener interés en el caso. El efecto implícito sería reconocer a las víctimas de delito, en este caso víctimas de violencia doméstica, la potestad de decidir si su caso debe someterse ante la consideración del tribunal o si el mismo debe archivarse. Sobre este extremo se ha comentado:

The prosecution of family violence cases is a matter of state interest: thus, it is the responsibility of the state to move forward. Victims must not be placed in the position of initiating and managing their own cases. Nor they should make decisions to proceed or withdraw. Family violence victims are confronted with pressures that other assault victims do not face. These may include prospective economic hardship, ambivalence about the relationship and issues surrounding the children. A relatively high percentage of them will request their cases be dismissed. However, a number of jurisdictions have discovered that the withdrawal rate is significantly lower when victims are relieved of the burden of the decision to prosecute. Many victims will testify once ordered to do so by the court."[5]

Resolvemos pues, que constituye un abuso de discreción archivar una denuncia tomando en cuenta exclusivamente que la víctima no tiene interés en proseguir con el caso. Antes de decretar el archivo de un caso por alegada infracción a la Ley Núm. 54, supra, el tribunal debe celebrar una vista con la participación del fiscal y debe considerar los factores esbozados previamente. Podrá el tribunal considerar también si la falta de interés de la víctima responde a un plan auténtico para establecer una buena convivencia familiar; así por ejemplo, si la víctima y el acusado demuestran que están recibiendo ayuda profesional conducente a modificar la conducta del agresor.

Ante este trasfondo doctrinal, examinemos las circunstancias que rodearon la situación de autos para determinar si erró el tribunal de instancia al decretar el archivo de la denuncia.

## VI.

En el presente caso se presentó una denuncia contra Castellón Calderón por una violación a la Ley de Prevención e Intervención de la Violencia Doméstica, supra. Llamado el caso para la celebración de la vista preliminar, la víctima expresó su interés de no proseguir con el caso. El Tribunal únicamente examinó a la perjudicada respecto a dicho aspecto. A pesar de la oposición del Ministerio Público, el Tribunal decretó el sobreseimiento de la denuncia por el único fundamento de que la víctima le manifestó que no interesaba seguir con el caso.

A la luz de los principios antes discutidos concluimos que el tribunal abusó de su discreción al archivar el caso. Por tal razón, procede revocar la sentencia dictada por el Tribunal de Circuito de Apelaciones. Se devuelve el caso al Tribunal de Primera Instancia para que celebre la vista con la participación del fiscal, según lo requiere el inciso (b) de la Regla 247 de

---

[5] Family Violence: Improving Court Practice (1990), pág. 36.

Procedimiento Criminal. Antes de decretar el archivo del caso se deben considerar los factores esbozados en la Opinión.

Se dictará la sentencia correspondiente.


FEDERICO HERNÁNDEZ DENTON
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico

  Peticionario

     v.                    CC-99-319      Certiorari

Reynaldo Castellón Calderón

  Recurrido

SENTENCIA

San Juan, Puerto Rico, a 12 de mayo de 2000.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte integrante de la presente, se revoca la Sentencia dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que celebre la vista con la participación del fiscal, según lo requiere el inciso (b) de la Regla 247 de Procedimiento Criminal. Antes de decretar el archivo del caso se deben considerar los factores esbozados en la Opinión.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo