Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>*Peticionario*<br><br><br>v.<br><br><br>ÁNGEL JULIÁN COLÓN RÍOS<br><br>*Recurrido* | KLCE202301215 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Crim. Núm.: B1VP202300178<br><br>Sobre: Art. 3.1 Ley 54 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 31 de enero de 2024.

Comparece ante nos El Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico (Procurador o peticionario), mediante *Petición de Certiorari* y solicita la revisión de la *Resolución Vista Preliminar, Regla 23 de Procedimiento Criminal* emitida el 13 de julio de 2023, notificada el 1 de agosto de 2023, por el Tribunal de Primera Instancia, Sala Superior de Aibonito. Mediante el aludido dictamen, el foro primario ordenó el archivo del caso en virtud de la Regla 247 (b) de Procedimiento Criminal[1].

Por los fundamentos que exponemos a continuación, **expedimos** el auto de *certiorari* y **revocamos** la determinación recurrida.

**I.**

Por hechos ocurridos el 3 de marzo de 2023, en esta misma fecha, el Ministerio Público presentó una denuncia[2] contra el señor Ángel Julián Colón Ríos (señor Colón Ríos o recurrido) por infracción al Artículo 3.1 de la Ley Núm. 54 del 15 de agosto de 1989, conocida

---

[1] 34 LPRA Ap. II, R. 247(b).
[2] Apéndice del recurso, pág. 1.

como *Ley para la Prevención e Intervención con la Violencia Doméstica*[3] (Ley Núm. 54-1989), por presunto maltrato físico y verbal hacia la señora Isabel Cristina Ortiz Ortiz (señora Ortiz Ortiz), con quien cohabitó. Tras evaluar la prueba, el foro primario encontró causa probable para el arresto del recurrido y le impuso una fianza de $3,000.00.

Luego de varios incidentes procesales, el 13 de julio de 2023, se celebró una vista al amparo de la doctrina de *Pueblo v. Castellón*, 151 DPR 15 (2000), durante la etapa de vista preliminar. La prueba de la defensa consistió en el testimonio de la señora Ortiz Ortiz. Además, como prueba documental, se presentó un documento suscrito por el señor Jaime D. Rosario Gutiérrez (señor Rosario Gutiérrez), consejero profesional y director del Centro de Consejería y Servicios Integrales Oasis, LLC, lugar donde alegadamente el señor Colón Ríos y la señora Ortiz Ortiz tomaron terapias de pareja.

Luego de las argumentaciones del Ministerio Público y la defensa, el 13 de julio de 2023, el foro primario, en corte abierta, ordenó el archivo y sobreseimiento de la denuncia en virtud de la Regla 247(b) de Procedimiento Criminal, *supra*. Inconforme, el Ministerio Público solicitó reconsideración en corte abierta, la cual fue denegada. El 1 de agosto de 2023, el foro primario notificó a las partes una *Resolución Vista Preliminar, Regla 23 de Procedimiento Criminal* en la que ordenó el archivo del caso[4].

En desacuerdo, el 15 de agosto de 2023, el Ministerio Público presentó una *Moción de Reconsideración*[5]. Primero, arguyó que incidió el foro primario en su determinación por entender que no se demostró que existiera un plan auténtico familiar de ayuda profesional dirigido a modificar la conducta del recurrido, según

---

[3] 8 LPRA sec. 601, *et seq.*
[4] Apéndice del recurso, págs. 3-7.
[5] Apéndice del recurso, págs. 8-16.

requiere la doctrina de *Pueblo v. Castellón, supra.* Sostuvo que el solo testimonio de la señora Ortiz Ortiz no podía constituir evidencia suficiente para que se ordenara el archivo de la causa de acción. Segundo, alegó que el foro primario, al momento de decretar el sobreseimiento, no tomó en cuenta la prueba con la que cuenta el Ministerio Público. Tercero, adujo que la resolución de la vista preliminar no dispone los fundamentos por los cuales se decretó el archivo del caso bajo la Regla 247(b) de Procedimiento Criminal, *supra.*

El 6 de septiembre de 2023, el señor Colón Ríos presentó *Réplica a Moción de Reconsideración*[6]. En esencia, adujo que el TPI cumplió con las exigencias doctrinales establecidas en *Pueblo v. Castellón, supra.* Particularmente, señaló que el Tribunal se cercioró de que la señora Ortiz Ortiz no tuviera interés en continuar el caso, así como las razones para ello. Añadió que, el foro primario se aseguró de que la testigo no dependiera económica y/o emocionalmente del recurrido, la claridad de la testigo en que no estaba obligada a permanecer en la relación con el recurrido y el hecho de que las partes buscaron ayuda profesional.

Así las cosas, el 29 de septiembre de 2023, notificada el 3 de octubre de 2023, el TPI emitió *Resolución*[7] en la que declaró No Ha Lugar la solicitud de reconsideración presentada por el Ministerio Público. En particular, el foro primario determinó lo siguiente:

[…]

> Nuestra determinación obedece a los factores de credibilidad que llevaron a este tribunal a determinar el archivo de la denuncia y en particular porque el t[é]rmino de 15 días para presentar la moción de reconsideración había transcurrido desde el 28 de julio de 2023. La Resolución de Archivo y Sobreseimiento fue dictada en corte abierta el 13 de julio de 2023, por lo que para la fecha de presentación de la moción de reconsideración el 15 de agosto de 2023, el término había expirado.
> […]

---

[6] Apéndice del recurso, págs. 17-20.
[7] Apéndice del recurso, págs. 21-26.

Inconforme, el 2 de noviembre de 2023, el Procurador presentó una *Petición de Certiorari* ante este foro revisor en la que esbozó los siguientes señalamientos de error:

El Tribunal de Primera Instancia erró al concluir que el término para reconsiderar de la determinación sobre el archivo y sobreseimiento de la denuncia comenzó a transcurrir a partir de que se emitió en corte abierta, a pesar de que la Regla 247(b) de Procedimiento Criminal requiere expresamente que el tribunal deberá emitir una orden que exponga las causas del sobreseimiento.

El Tribunal de Primera Instancia erró al no emitir una orden en la que expresara y/o fundamentara las causas del sobreseimiento, según requiere la Regla 247(b) de Procedimiento Criminal.

El Tribunal de Primera Instancia erró al ordenar el archivo y sobreseimiento de la denuncia que imputa delito grave, en virtud de la Regla 247(b) de Procedimiento Criminal, utilizando como factor determinante la falta de interés de la víctima, a pesar de que no existe, ni siquiera, un plan auténtico para establecer una buena convivencia familiar.

El Tribunal de Primera Instancia erró al admitir en evidencia un documento que no fue debidamente autenticado.

El 7 de noviembre de 2023, emitimos una *Resolución* en la que le concedimos un término de diez (10) días a la parte recurrida para expresar su posición en torno al recurso. Habiendo transcurrido el término concedido, sin que la parte recurrida compareciera, damos por perfeccionado el recurso y procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[8]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[9]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial

---

[8] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001), *Pueblo v Diaz De León* 176 DPR 913 (2009).
[9] *Íd.*

para llegar a una conclusión justiciera"[10]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[11].

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[12], señala los criterios que para ello debemos considerar. Éstos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

En el ordenamiento procesal penal, antes de presentar algún recurso al Tribunal de Apelaciones, las partes pueden presentar

---

[10] *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2014); *Negrón v. Srio. De Justicia, supra,* pág. 91.
[11] *Íd.*
[12] 4 LPRA XXII-B, R. 40.

ante el foro primario una moción de reconsideración bajo la Regla 194 de Procedimiento Criminal[13]. A esos efectos, la referida Regla dispone, en lo pertinente, lo siguiente:

> Si cualquier parte solicitare la reconsideración de la sentencia o del fallo condenatorio dentro del término improrrogable de quince (15) días desde que la sentencia fue dictada, el término para radicar el escrito de apelación o de *certiorari* quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración.

Como norma general, para que este foro apelativo pueda revisar una decisión del TPI, "lo esencial es que se acompañe copia del documento en sí que recoge la decisión de instancia"[14]. En *Pueblo v. Rodríguez,* 157 DPR 288 (2002), nuestro más alto foro estableció lo siguiente:

> Resolvemos que, como regla general, cuando el tribunal de instancia tome una **determinación en corte abierta** que pueda ser objeto de revisión judicial, la parte perjudicada por ésta deberá informarle al tribunal, ese mismo día y en corte abierta, su propósito de solicitar revisión judicial ante el Tribunal de Circuito de Apelaciones [hoy Tribunal de Apelaciones]. A su vez, el tribunal de instancia deberá ordenar a la Secretaria de Sala que notifique dicha minuta a todas las partes de manera oficial. **En ese caso, la fecha cuando comenzará a transcurrir el término para solicitar revisión será obviamente la fecha de la notificación oficial de la minuta. Ahora bien, en los casos excepcionales en que la parte perjudicada por la determinación del tribunal no exprese en dicho momento su propósito de solicitar revisión y posteriormente decida revisar, la fecha de notificación será la fecha de transcripción de la minuta.[15]** (Énfasis nuestro).

A su vez, puntualizamos que la notificación correcta de una resolución dictada en corte abierta está regulada por la Regla 32(b) de las Reglas para la Administración del Tribunal de Primera Instancia[16]. En lo concerniente a la Minuta, la citada norma establece:

> A. ....
> B. Minutas
> (1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el

---

[13] 34 LPRA Ap. II, R. 194.
[14] *Pueblo v. Pacheco Armand,* 150 DPR 53, 58 (2000).
[15] *Pueblo v. Rodríguez Ruiz,* 157 DPR 288, 297-298 (2002).
[16] 4 LPRA Ap. II–B, R. 32(b).

Director Administrativo o la Directora Administrativa de los tribunales y será certificada por la Secretaria de Servicios a Sala.
[ ... ]
La minuta no será notificada a las partes o a sus abogados, salvo que incluya una resolución u orden emitida por el juez o la jueza en corte abierta, **en cuyo caso será firmada por el juez o la jueza y notificada a las partes**. [...] (Énfasis nuestro).

Como surge de la Regla transcrita, la Minuta tiene que ser firmada por el juez o la jueza para que pueda acogerse como una resolución u orden revisable por este foro. Es importante que de la Minuta surja de manera clara e inequívoca el dictamen del tribunal, según pronunciado en corte abierta, así como la notificación de la Minuta, aunque no se acompañe el boleto de notificación de Secretaría y, además, que se recurra a este tribunal dentro del término dispuesto para ello[17].

**-C-**

La Regla 247 de Procedimiento Criminal[18] establece las instancias en las que se puede sobreseer o archivar una denuncia o acusación. Particularmente, el inciso (b) de la Regla 247 reconoce la facultad del tribunal de sobreseer una denuncia o acusación *motu proprio*. El referido inciso dispone lo siguiente:

[...]

(b) *Por el tribunal; orden.* **Cuando ello sea conveniente para los fines de la justicia y previa celebración de vista en la cual participará el fiscal, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia**. Las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso. (Énfasis nuestro).

[...][19]

El inciso (b) de la Regla 247 exige la concurrencia de ciertos requisitos para que el tribunal pueda ejercer su discreción de archivar una denuncia o acusación, a saber: (1) la celebración de

---

[17] *Pueblo v. Rodríguez*, 167 DPR 318 (2006); *Pueblo v. Rodríguez Ruiz, supra*.
[18] 34 LPRA Ap. II, R. 247.
[19] 34 LPRA Ap. II, R. 247(b).

una vista en la que participe el Ministerio Público y (2) el sobreseimiento debe ser "conveniente para los fines de la justicia"[20].

Nuestro Tribunal Supremo ha señalado que la discreción de un tribunal de archivar una denuncia o acusación *motu proprio* es amplia, pero de ningún modo puede ser absoluta o ilimitada[21]. El tribunal debe tomar en consideración los siguientes factores: (1) la evidencia con la que cuenta el Ministerio Público para establecer su caso, (2) naturaleza del delito, (3) si el acusado está encarcelado o ha sido convicto en un caso relacionado o similar, (4) tiempo que el acusado lleva encarcelado, (5) posibilidad de amenaza u hostigamiento, (6) probabilidad de que en el juicio pueda traerse evidencia nueva o adicional, y (7) si sirve a los mejores intereses de la sociedad proseguir con los procedimientos[22]. Además, el tribunal deberá examinar la naturaleza de la acusación, incluyendo el tipo de actividad delictiva en cuestión, su seriedad, la frecuencia con que se archivan casos del mismo tipo y el impacto del sobreseimiento sobre la administración de la justicia y los derechos del acusado[23].

Aunque los factores antes esbozados constituyen elementos necesarios a considerar, esto no significa que todos deben concurrir para que se justifique un archivo[24]. Incluso, el tribunal puede considerar otros factores para determinar la procedencia del sobreseimiento a los fines de crear un balance entre la libertad del individuo y el interés del Estado en encausar a los responsables de actos delictivos[25].

En cuanto al requisito de la celebración de una vista, el Tribunal Supremo ha enfatizado que tanto la defensa como el Ministerio Público deben tener derecho a expresarse sobre la

---

[20] *Pueblo v. Castellón*, 151 DPR 15, 21 (2000).
[21] *Pueblo v. Castellón*, *supra*, pág. 22.
[22] *Íd.*
[23] *Íd.*, pág. 23.
[24] *Íd.*
[25] *Íd.*

decretación de un sobreseimiento[26]. Aún más, el Tribunal Supremo señala que la participación del fiscal en esta vista es fundamental[27]. Por ello, cuando la víctima del delito ha manifestado su falta de interés en el caso y el Ministerio Público se opone al archivo del caso, el tribunal no puede decretar automáticamente el archivo o sobreseimiento del caso, con las consecuencias que ello acarrea[28]. El tribunal debe celebrar una vista y considerar los factores establecidos por la jurisprudencia, pudiendo considerar la falta de interés en el caso al analizar si el Ministerio Público cuenta con evidencia para establecer su caso[29].

En cuanto al segundo requisito a satisfacerse, si el archivo o sobreseimiento es conveniente "para los fines de la justicia", el tribunal debe considerar los factores caso a caso. Por ejemplo, en casos sobre violaciones a la Ley Núm. 54-1989, *supra*, no es conveniente a los fines de la justicia que un tribunal archive automáticamente la denuncia o acusación, con oposición del Ministerio Público, cuando la víctima exprese no tener interés en el caso[30]. El archivo de una denuncia tomando en cuenta exclusivamente que la víctima no tiene interés en proseguir con el caso constituye un abuso de discreción[31]. Antes de decretar un archivo de un caso por violaciones a la Ley Núm. 54-1989, *supra*, el tribunal debe celebrar una vista con la participación del fiscal y considerar los factores previamente señalados[32].

**-D-**

Por otro lado, en el ámbito del derecho probatorio, para que una prueba pueda ser admisible en evidencia debe ser pertinente[33].

---

[26] *Íd.*
[27] *Íd.*
[28] *Íd.*, pág. 26.
[29] *Íd.*
[30] *Pueblo v. Castellón, supra*, pág. 28.
[31] *Íd.*
[32] *Íd.*
[33] 32 LPRA Ap. VI, R. 402.

"La evidencia pertinente es aquella que tiende a aumentar o disminuir la probabilidad de la existencia de un hecho que tiene consecuencias para la adjudicación de la acción"[34]. Como regla general, la evidencia pertinente es admisible en evidencia[35]. Ahora bien, para que la evidencia pertinente pueda ser admitida, esta debe ser autenticada. En otras palabras, toda prueba que se presente con el propósito de que se admita en evidencia, deberá ser autenticada, excepto aquellas que están exceptuadas por las Reglas de Evidencia[36].

Este proceso de autenticación de la prueba está regulado, específicamente, por las Reglas 901 a la 903 de las referidas reglas. En lo pertinente, la Regla 901 dispone:

Regla 901. Requisito de autenticación o identificación

(A) El requisito de autenticación o identificación como una condición previa a la admisibilidad se satisface con la presentación de evidencia suficiente para sostener una determinación de que la materia en cuestión es lo que la persona proponente sostiene.

   [...][37]

Para satisfacer este requisito básico de autenticación, el inciso (b) de la citada regla dispone, a modo de ejemplo, una serie de medios que son suficientes para la autenticación de prueba, incluyendo documentos. En lo que concierne a este caso, la Regla 901 (B) indica:

(B) De conformidad con los requisitos del inciso (A) de esta Regla y sin que se interprete como una limitación, son ejemplos de autenticación o identificación los siguientes:
   (1) *Testimonio por testigo con conocimiento*
       Testimonio de que una cosa es lo que se alega
       [...][38]

---

[34] *Pueblo v. Santiago Irizarry*, 198 DPR 35, 43 (2017).
[35] *Íd.* a la pág. 44.
[36] 32 LPRA Ap. VI.
[37] 32 LPRA Ap. VI, R. 901.
[38] 32 LPRA Ap. VI, R. 901.

**III.**

Como cuestión de umbral atenderemos el primer señalamiento de error, en el que el Procurador aduce que incidió el foro primario al concluir que el término para reconsiderar la determinación sobre el archivo y sobreseimiento del caso al amparo de la Regla 247(b) de las de Procedimiento Criminal, *supra*, comenzó a transcurrir a partir de que se emitió en corte abierta el 13 de julio de 2023.

Según expresáramos, el 13 de julio de 2023, el TPI celebró una vista al amparo de la doctrina de *Pueblo v. Castellón, supra,* durante la etapa de vista preliminar. En esta misma fecha, el TPI emitió verbalmente en corte abierta la determinación. Dicho dictamen, se redujo a escrito y fue notificado a las partes el 1 de agosto de 2023 mediante *Resolución Vista Preliminar, Regla 23 de Procedimiento Criminal.* Oportunamente, el 15 de agosto de 2023, el Ministerio Público presentó por escrito una *Moción de Reconsideración*[39], la cual fue denegada.

La *Resolución Vista Preliminar, Regla 23 de Procedimiento Criminal* es la única determinación por escrito en la que consta el archivo y sobreseimiento del caso. Del expediente ante nuestra consideración, no se desprende que el TPI haya notificado a las partes alguna minuta que incluyera una resolución u orden emitida por la jueza en corte abierta. Ante esas circunstancias, es preciso señalar que el término para solicitar reconsideración del dictamen emitido en corte abierta comenzó a transcurrir al día siguiente en que el TPI hizo constar por escrito su determinación y la notificó a las partes. Por tanto, erró el TPI al denegar la moción de reconsideración bajo el fundamento de que el término de quince (15) días para presentar la moción de reconsideración había transcurrido

---

[39] Véase apéndice del recurso, págs. 8-16.

desde el 28 de julio de 2023 por haber emitido el dictamen en corte abierta el 13 de julio de 2023.

Con relación al segundo y tercer señalamiento de error, los discutiremos de forma conjunta por estar estrechamente relacionados. En síntesis, el Procurador alega que cometió error el TPI al no emitir una orden en la que fundamentara las causas del sobreseimiento, según requiere la Regla 247(b) de Procedimiento Criminal, *supra*. Además, señala que incidió el foro primario al ordenar el archivo y sobreseimiento de la denuncia utilizando como factor determinante la falta de interés de la víctima.

En el caso de autos, el 1 de agosto de 2023, el foro primario notificó la *Resolución Vista Preliminar, Regla 23 de Procedimiento Criminal* en la que ordenó el archivo del caso al amparo de la Regla 247(b) de las de Procedimiento Criminal, *supra.* No obstante, el foro primario no incluyó expresamente los fundamentos que tuvo para archivar la denuncia, solo se limitó a escribir "Archivo bajo la Regla 247(B) P. C."[40]. La Regla 247(b), *supra*, dispone claramente que "[l]as causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso"[41]. Por tanto, incidió el TPI al no consignar las razones que tuvo para dictar el sobreseimiento.

Por otro lado, conforme a la normativa antes citada, la celebración de una vista al amparo de la referida Regla 247(b) de Procedimiento Criminal, *supra*, sirve para sopesar todos los factores esbozados por la jurisprudencia y tomar una determinación bajo un análisis completo. Asimismo, en casos sobre violaciones a la Ley Núm. 54-1989, *supra*, es preciso examinar la naturaleza de la denuncia o acusación y el impacto que puede tener sobre la víctima el sobreseimiento de esta.

---

[40] Véase apéndice del recurso, pág. 7.
[41] 34 LPRA Ap. II, R. 247(b).

A la luz de la normativa jurídica aplicable, nos adentramos a escuchar la regrabación de la vista celebrada el 13 de julio de 2023, con el propósito de corroborar si el foro primario realizó su determinación conforme a la doctrina de *Pueblo v. Castellón, supra.* Tras un análisis minucioso, encontramos que la determinación del caso de autos fue hecha como resultado únicamente del testimonio de la señora Ortiz Ortiz. Aunque el foro recurrido reconoció que hubo un incidente de violencia doméstica entre el recurrido y la señora Ortiz Ortiz, concluyó que por su testimonio entendía que el caso no prosperaría en una etapa posterior [42], esto, sin examinar la prueba con la que cuenta el Ministerio Público, nada más lejano a lo contemplado por nuestro ordenamiento.

Nuestro Tribunal Supremo ha establecido claramente que:

> *[C]uando el Ministerio Público manifiesta su oposición al archivo del caso, no procede decretar automáticamente el archivo o sobreseimiento de un caso*, con las consecuencias que ello acarrea, por razón de que la víctima del delito ha manifestado su falta de interés en el caso. *En dichos casos procede que el tribunal celebre una vista* y considere los factores esbozados en la opinión. En la vista, el tribunal sí puede considerar la falta de interés en el caso, en el contexto del análisis de uno de los factores que señalamos que el tribunal debe considerar antes de sobreseer una denuncia o acusación. Esto es, al analizar si el Ministerio Público cuenta con evidencia para establecer su caso.[43] (Énfasis nuestro).

En el caso de epígrafe, el Ministerio Público manifestó su oposición al archivo o sobreseimiento y expresó tener prueba adicional contra el recurrido[44].

En virtud de lo anterior, consideramos que una vista al amparo de la doctrina de *Pueblo v. Castellón, supra,* durante la etapa de vista preliminar no puede sustituir el cumplimiento de la celebración de una vista bajo la Regla 247(b) de Procedimiento Criminal, *supra.* El foro primario debió señalar la celebración de la vista al amparo de la referida Regla antes de ordenar el archivo del

---

[42] Regrabación de la vista del 13 de julio de 2023, minuto 40:10-40:38.
[43] *Pueblo v. Castellón, supra,* pág. 26.
[44] Regrabación de la vista del 13 de julio de 2023, minuto 41:05-41:42.

caso. Por tanto, concluimos que el segundo y tercer señalamiento de error fueron cometidos.

Por último, mediante el cuarto señalamiento de error, el Procurador arguye que incidió el TPI al admitir en evidencia el documento suscrito por el señor Rosario Gutiérrez, por no haber sido debidamente autenticado. Particularmente, alega que el señor Rosario Gutiérrez no fue parte de la prueba testifical presentada por la defensa y el testimonio de la señora Ortiz Ortiz era insuficiente para autenticar el documento.

Según surge de la prueba de autos, durante la vista celebrada el 13 de julio de 2023, la defensa del señor Colón Ríos mostró un documento a la señora Ortiz Ortiz, el cual se alega fue suscrito por el señor Rosario Gutiérrez[45]. A preguntas de la defensa, la señora Ortiz Ortiz testificó que reconocía el documento por el apellido de la persona que le brindó las clases y por los temas de las clases[46]. Asimismo, indicó que reconocía el documento porque el señor Rosario Gutiérrez se lo entregó al finalizar las clases[47]. Sin embargo, a preguntas del Ministerio Público, la señora Ortiz Ortiz manifestó que no recordaba en qué fecha se le entregó el documento, ni muchas de las cosas que contiene el documento[48]. El Ministerio Público objetó la admisión del documento en cuestión, pero el tribunal lo admitió en evidencia como *Exhibit* 1 de la defensa.

Por todo lo anterior, somos del criterio que al admitir en evidencia el referido documento, sin suficiente autenticación y sobre la objeción del Ministerio Público, el TPI cometió el cuarto error señalado.

---

[45] Véase apéndice del recurso, pág. 27. Del contenido del documento en cuestión se desprende que presuntamente el señor Colón Ríos y la señora Ortiz Ortiz completaron un proceso terapéutico dirigido a brindar herramientas y desarrollar estrategias que fortalezcan su relación de pareja.
[46] Regrabación de la vista del 13 de julio de 2023, minuto 17:50-18:07.
[47] Regrabación de la vista del 13 de julio de 2023, minuto 18:10-18:22.
[48] Regrabación de la vista del 13 de julio de 2023, minuto 18:50-19:53.

En síntesis, el TPI incumplió con los requisitos de la Regla 247(b) de Procedimiento Criminal[49], al no celebrar la vista contemplada en dicha regla y basar su determinación únicamente en las manifestaciones de la testigo y víctima del caso, la señora Ortiz Ortiz. Colegimos que el foro primario abusó de su discreción al ordenar en corte abierta el sobreseimiento del caso, por ello no ser conveniente a los fines de la justicia. **Recordemos que la discreción de un tribunal de archivar una denuncia o acusación *motu proprio* es amplia, pero nunca absoluta o ilimitada**[50]. En consecuencia, determinamos que el archivo del caso bajo la Regla 247(b) de Procedimiento Criminal, *supra*, es contrario a derecho.

### IV.

Por los fundamentos antes expuestos, **expedimos** el auto de *certiorari* y **revocamos** la determinación recurrida. En consecuencia, devolvemos el caso al foro recurrido para la continuación de los procedimientos.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[49] 34 LPRA Ap. II, R. 247(b).
[50] *Pueblo v. Castellón, supra*, pág. 22.