ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO, <br><br> Recurrida, <br><br> v. <br><br> EDWIN REYES RODRÍGUEZ, <br><br> Peticionaria. | KLCE202401303 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina. <br><br> Criminal núm.: F VP2024-0656 al 0659. <br><br> Sobre: Ley 54 Art. 3.1 (3 cargos), Ley 54 Art. 3.3 (3er grado). |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

El 2 de diciembre de 2024, la parte peticionaria, señor Edwin Reyes Rodríguez (señor Reyes), instó este recurso con el fin de que este Tribunal expida el auto discrecional de *certiorari* y revoque la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 30 de octubre de 2024, notificada el 31 de octubre de 2024[1]. En ella, el foro primario determinó causa para juicio contra el señor Reyes, conforme a la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, por infracción a los Artículos 3.1 (3 cargos) y 3.3 (3er grado) de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como *Ley para la prevención e intervención con la violencia doméstica*, 8 LPRA secs. 631-632 (Ley Núm. 54).

En síntesis, el señor Reyes arguye que el foro primario erró, pues durante el testimonio de la presunta víctima, ella declaró que no tenía interés en proseguir con el proceso criminal en contra de su compañero consensual. Aduce el señor Reyes que la presunta víctima satisfizo con su testimonio todos los criterios esbozados por el Tribunal Supremo de Puerto

---

[1] *Véase*, apéndice del recurso, a las págs. 1-4.

Número identificador

RES2024_____

Rico en *Pueblo v. Castellón*, 151 DPR 15, 28-29 (2000), por lo que procedía la desestimación de los cargos en su contra.

Por su parte, conforme le fuese ordenado, el Ministerio Público compareció por conducto de la Oficina del Procurador General el 16 de diciembre de 2024, mediante su *Escrito en cumplimiento de orden y solicitud de desestimación*.

En primer lugar, el Ministerio Público planteó que el vehículo procesal correcto en Derecho para impugnar la determinación de causa para juicio debió haber sido la presentación por el señor Reyes de una moción de desestimación al amparo de la Regla 64(p) de las de Procedimiento Criminal, 34 LPRA Ap. II. De hecho, apuntó que los **pliegos acusatorios** fueron presentados previo a que se instara este recurso el 2 de diciembre, allá para el **6 de noviembre de 2024**. Por tanto, no existen denuncias que archivar o sobreseer, que puedan propiciar la presentación de una moción al amparo de la Regla 247(b) de las de Procedimiento Criminal. En ese sentido, el Ministerio Público sostiene que la controversia planteada en este recurso se ha tornado académica.

Además, arguye que, de no desestimarse el recurso, el auto de *certiorari* no debía ser expedido, pues no se satisfacían los criterios de la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B. Particularmente, a la luz de que, aunque el señor Reyes pretendía basar su petición ante nos en la prueba testifical desfilada durante la celebración de la vista preliminar, omitió presentar una regrabación del proceso o una transcripción de la prueba oral. Así pues, en la alternativa, el Ministerio Público solicitó que denegáramos la expedición del auto.

Aun así, en los méritos, el Ministerio Público finalmente plantea que no se configuraron los criterios esbozados por el Tribunal Supremo de Puerto en 151 DPR 15, 28-29 (2000), para obviar el supuesto deseo de la víctima de desistir a favor de su pareja consensual y ordenar el archivo de las denuncias.

Examinados los escritos de las partes comparecientes, a la luz del derecho aplicable, este Tribunal deniega la expedición del auto de *certiorari*.

I

El 17 de junio de 2024, el Ministerio Público presentó varias denuncias[2] contra el señor Reyes. La vista de determinación de causa se celebró en ausencia y con el beneficio de la declaración jurada escrita de la presunta víctima. Conforme a la Regla 6 de las de Procedimiento Criminal, 34 LPRA Ap. II, el tribunal determinó causa probable para el arresto del señor Reyes por los delitos imputados[3].

Luego de varias suspensiones[4], la vista preliminar se celebró el **30 de octubre de 2024**. En ella, testificaron tres agentes del orden público, así como la presunta víctima. Conforme a lo alegado en la petición de *certiorari*[5], la presunta víctima testificó que no interesaba proseguir con el caso en contra del señor Reyes, y que ambos habían retomado su relación y llevaban un tiempo conviviendo nuevamente. Además, supuestamente testificó que, tanto él como ella, estaban tomando cursos para aprender a manejar mejor su relación. Así pues, deseaba que se dejara sin efecto la orden de protección, ya que el señor Reyes "era inocente".

El 30 de octubre de 2024, notificada al día siguiente, el tribunal determinó causa para juicio, conforme a la Regla 23 de las de Procedimiento Criminal, 34 LPRA Ap. II.

Inconforme, el señor Reyes instó este recurso el lunes, 2 de diciembre de 2024. Cual adelantamos, su planteamiento medular es a los efectos de que, mediante el testimonio de la presunta víctima, se habían

---

[2] *Véase*, apéndice del recurso, a las págs. 5-8.

[3] Surge de las denuncias que los hechos delictivos imputados ocurrieron entre el **9 al 17 de junio de 2024**. También surge de aquellas, que a la presunta víctima se le expidió una orden de protección por un año.

[4] Uno de los señalamientos de error apuntados por el señor Reyes es a los efectos de que su representante legal había llegado a un acuerdo verbal con el Ministerio Público con el fin de que, el 25 de septiembre de 2024, se celebrase una vista al amparo de *Pueblo v. Castellón*, 151 DPR 15 (2000); sin embargo, ello no ocurrió.

[5] Cual señalamos previamente, el señor Reyes **no adjuntó a su petición una transcripción de la prueba oral** desfilada durante la celebración de la vista preliminar.

satisfecho los criterios esbozados por el Tribunal Supremo de Puerto Rico en *Pueblo v. Castellón*, 151 DPR 15, 28-29 (2000), por lo que procedía la desestimación de los cargos en su contra. En apoyo a su argumento, adjuntó una certificación expedida el **21 de septiembre de 2024**[6], por el *Centro de Consejería y Servicios Integrales Oasis, LLC*, que acreditaba que, del 30 de agosto de 2024, al 19 de septiembre de 2024, el señor Reyes había tomado once (11) sesiones del taller intitulado *El comienzo de una vida sin violencia*. Por virtud de todo ello, solicitó que expidiéramos el auto de *certiorari*, revocáramos la determinación de causa para juicio y ordenáramos el archivo de los cargos en su contra.

Por su parte, el Ministerio Público arguyó que el vehículo procesal correcto en Derecho para impugnar la determinación de causa para juicio debió haber sido la presentación por el señor Reyes de una moción de desestimación al amparo de la Regla 64(p) de las de Procedimiento Criminal, 34 LPRA Ap. II. De hecho, apuntó que los **pliegos acusatorios** fueron presentados previo a que se instara este recurso el 2 de diciembre, allá para el **6 de noviembre de 2024**. Por tanto, no existen denuncias que archivar o sobreseer, que puedan propiciar la presentación de una moción al amparo de la Regla 247(b) de las de Procedimiento Criminal. En ese sentido, el Ministerio Público sostiene que la controversia planteada en este recurso se ha tornado académica.

Además, arguyó que, de no desestimarse el recurso, el auto de *certiorari* no debía ser expedido, pues no se satisfacían los criterios de la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B. Particularmente, a la luz de que, aunque el señor Reyes pretendía basar su petición ante nos en la prueba testifical desfilada durante la celebración de la vista preliminar, había omitido presentar una regrabación del proceso o una transcripción de la prueba oral. Así pues, en la alternativa, el Ministerio Público solicitó que denegáramos la expedición del auto.

---

[6] *Véase*, apéndice del recurso, a la pág. 9. Desconocemos si ese documento fue presentado ante el foro primario o si fue debidamente autenticado durante la celebración de la vista de causa probable para juicio.

En cuanto a los méritos del recurso, el Ministerio Público finalmente planteó que no se habían configurado los criterios esbozados por el Tribunal Supremo de Puerto en *Pueblo v. Castellón*, 151 DPR 15, 28-29 (2000), que habrían permitido al tribunal tomar en consideración el supuesto deseo de la víctima de desistir a favor de su pareja consensual y ordenar el archivo de las denuncias.

II

La *Ley de la Judicatura*, Ley Núm. 201-2003, según enmendada, dispone en su Art. 4.006(b) que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y(b).

Así, el auto de *certiorari* constituye el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Este recurso procede para revisar errores de derecho en lo procesal y en lo sustantivo. *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Ahora bien, distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Negrón v. Secretario de Justicia*, 154 DPR 79, 91 (2001).

Como foro apelativo nos corresponde evaluar la corrección y razonabilidad de la decisión recurrida y la etapa del procedimiento en que se produce, para determinar si es el momento apropiado para nuestra intervención. Al analizar la procedencia de un recurso de *certiorari*, debemos tener presente su carácter discrecional, que debe ser ejercido con cautela y solamente por razones de peso. *Íd.* Véase, además, *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 91 (2008).

De otra parte, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal

establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

III

La parte peticionaria discutió en conjunto ambos señalamientos de error. En síntesis, aduce que el foro primario tuvo ante sí, mediante el testimonio de la presunta víctima y conforme a la certificación por él sometida, prueba suficiente para demostrar que se satisfacían todos los criterios establecidos en *Pueblo v. Castellón*, 151 DPR 15, 28-29 (2000), por lo que procedía la desestimación de los cargos en su contra.

Por su parte, el Ministerio Público sostiene que, a la luz de los criterios dispuestos en la Regla 40 del Reglamento de este Tribunal, no procede la expedición del auto de *certiorari*. Arguye que el señor Reyes ni siquiera discutió tales criterios; amén de que el Ministerio Público planteó que este recurso no era el mecanismo procesal adecuado para ordenar el archivo o la desestimación de las denuncias. En virtud de lo anterior, reiteró que la determinación del Tribunal de Primera Instancia había sido correcta, por lo que no procedía la desestimación de los cargos.

Luego del análisis del recurso y del derecho aplicable, no vemos razón alguna para intervenir con lo dispuesto por el Tribunal de Primera

Instancia. Nada en el expediente nos convence de que el foro recurrido hubiera incurrido en error o en un abuso de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

Así pues, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, resolvemos denegar la expedición del auto de *certiorari*.

IV

En mérito de lo antes expuesto, este Tribunal deniega la expedición del auto de *certiorari*.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones